Naar *v.* Union and Essex Land Co.

REBECCA NAAR et al.

*v.*

THE UNION AND ESSEX LAND COMPANY et al.

1. An answer to a foreclosure bill stated that the complainants, in consideration of $500, stipulated " to agree to the conditions of the mortgage."—*Held*, that the allegation was not sustained by proof that the complainants, in consideration of $500, agreed to take the mortgage in suit in substitution for another of the same amount on other property.

2. Since the act of 1880 (*P. L. of 1880 p. 255*) there can be no decree for deficiency in a foreclosure suit against the obligors in the bond secured by the mortgage in suit.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. P. H. Gilhooly*, for complainant.

*Mr. W. R. Wilson*, for defendants Stevens and Clark.

THE CHANCELLOR.

The questions presented by the briefs of counsel are, first, whether the defence of usury set up in the answer of one of the defendants is sustained ; and, second, whether, in view of the provisions of the first section of the act " concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of mortgaged premises thereunder " (*P. L. of 1880 p. 255*), the complainants are entitled to a decree for deficiency against the obligors in the bond, the payment of which their mortgage was given to secure.   The suit was begun after that act took effect.   The defence of usury is based on the allegation in the answer of James H. Clark that there was an agreement between the complainants and the obligors in the bond secured by the mortgage, that the former " would agree to the conditions of the mortgage " if the obligors in the bond

Naar *v.* Union and Essex Land Co.

would pay them a premium of $500, and secure the payment of the mortgage-money by giving the mortgage and the bond. The proof does not sustain the allegation, but is to the effect that there was an agreement that, in consideration that the complainants would lend the money secured by the mortgage on the security of the mortgage, and of the responsibility of the obligors, they should receive $500. It appears from the evidence that the defendants the Union and Essex Land Company owned a tract of land at or near Linden, which was then subject to a mortgage for $21,000 and interest, given by Amos Clark, jun., and held by the complainants. The company were bound by covenant to remove that mortgage from the property. Being unable to pay it off, it was agreed between them and the complainants that if the latter would cancel the mortgage and take another instead of it for the same amount on other real property of the company, the company, in consideration thereof, would pay the complainants $500. In accordance with the agreement, the first-mentioned mortgage was canceled, and the mortgage now in suit was substituted therefor, and the $500 were paid. The answer of the defendant Clark does not aver that the $500 were to be paid for that accommodation, or for the loan of the money, but, as before stated, alleges that they were to be paid in consideration that the complainants would "agree to the conditions of the mortgage." What, precisely, is meant by that allegation is left to conjecture. The defence of usury is not established. The *allegata* and the *probata* do not agree.

As to the other question, the act of 1880, whose title is given above (and which, by its terms, took effect immediately), provides that in all proceedings to foreclose mortgages thereafter commenced, no decree shall be rendered for any balance of money which may be due complainant over and above the proceeds of the sale or sales of the mortgaged premises, and that no execution shall issue for the collection of such balance under such foreclosure proceedings. As before stated, this suit was begun after the approval of that act. The persons against

whom personal decree for deficiency is prayed are all of them obligors in the bond.

In *Newark Savings Institution* v. *Forman, 6 Stew. Eq. 436,* it was held that that section was not applicable as to persons against whom the legal remedy remains, in contravention of the constitutional prohibition against laws depriving a party of his remedy. There will be no decree for deficiency, therefore, in this suit.